

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-31-2007

# Martinez-Tull v. Gonzalez-Aleman

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4861

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Martinez-Tull v. Gonzalez-Aleman" (2007). *2007 Decisions.* Paper 1052.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1052

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-220                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4861
_____

EDUARDO MARTINEZ-TULL
                                                Appellant,

v.

CARLOS M. GONZALEZ-ALEMAN

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 06-cv-04102)
District Judge:  Honorable Jan E. DuBois

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
May 3, 2007

Before:  RENDELL, SMITH AND JORDAN, <u>CIRCUIT JUDGES</u>

(Filed:   May 31, 2007)

_____

OPINION
_____

PER CURIAM

        Eduardo Martinez-Tull appeals from the District Court's dismissal of his

complaint as frivolous.  Because we determine that the appeal is lacking in arguable legal

merit, we will dismiss it under 28 U.S.C. § 1915(e)(2)(B).

        While incarcerated at FCI Fort Dix, Martinez-Tull filed a complaint in the District

Court pursuant to 42 U.S.C. § 1983 that named Carlos M. Gonzalez-Aleman as defendant. Martinez-Tull alleges that Gonzalez-Aleman, his former criminal defense attorney, violated his Sixth Amendment right to counsel by failing to provide adequate representation on direct appeal, and also stole ten thousand dollars from Martinez-Tull. (Compl. at 1-2.) He seeks compensatory and punitive damages totaling $1,500,000. (Id. at 2.)

The District Court dismissed Martinez-Tull's complaint as frivolous, reasoning that "[t]he complaint filed in this case does not allege or even suggest that the defendant . . . acted under color of state law with respect to plaintiff's claim." (Order at 2.) The dismissal was without prejudice to Martinez-Tull's right to file an action against Gonzalez-Aleman for breach of contract and related claims in an appropriate forum. (Id.) Martinez-Tull filed a timely notice of appeal.

His appeal is clearly devoid of legal merit. A plaintiff cannot state a viable claim under § 1983 without alleging that the violation of federal rights of which he complains "was committed by a person acting under color of state law." See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005). Criminal defense attorneys such as Gonzalez-Aleman do not act under color of state law. See Polk County v. Dodson, 454 U.S. 312, 319-25 (1981)(function of defense lawyer is "essentially . . . private" and performed without "state office and authority," even though lawyer is licensed by government and even if he is employed by government as public defender).

"[A] public defender does not act under color of state law when performing a

2

lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Id. at 325. Martinez-Tull does not allege that Gonzalez-Aleman was employed by or even appointed to represent him by the state.

Indisputably, a claim will not lie against Gonzalez-Aleman under § 1983 because he did not act under color of state law. Therefore, we will dismiss this appeal under § 1915(e)(2).